# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM VELASQUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-00434-OWW-WMW PC<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS<br><br>(Doc. 1) |

Plaintiff Kim Velasquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is currently incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff is suing defendants under section 1983 for violating his rights under the Eighth Amendment. For the reasons set forth below, Plaintiff's complaint is dismissed and Plaintiff will be given the opportunity to file a fourth amended complaint.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Background**

Plaintiff alleges that prison officials were deliberately indifferent toward Plaintiff. Plaintiff's ability to bend or squat is limited due to screws in his leg and an artificial hip. Defendants forced Plaintiff to perform physical movements that caused pain and further injury. Plaintiff's complaint does not contain further details on what kind of "movements" Defendants forced Plaintiff to perform, nor does it contain details on how Defendants forced Plaintiff to perform those movements. Plaintiff names warden Clark, assistant warden K. Allison, and Lieutenant E. Smith as defendants.

**III. Discussion**

    **A. Eighth Amendment Claim**

Plaintiff alleges that Defendants' actions violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement

that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Plaintiff alleges that Defendants' conduct was objectively unreasonable because they forced Plaintiff to perform tasks that exacerbated his medical condition and caused him pain and further injury. Plaintiff also alleges that Defendants acted with deliberate indifference toward Plaintiff's medical condition. Therefore, Plaintiff states a cognizable claim for an Eighth Amendment violation.

**B. Causation**

Plaintiff fails to allege a causal connection between each individual defendant at the alleged constitutional violation. "A person deprives another of a constitutional right," within the meaning of section 1983, "where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

///

Plaintiff fails to establish a causal link between each individual defendant and the alleged constitutional violation. Plaintiff's complaint generally alleges that "defendants" forced Plaintiff to perform "movements" that exacerbated his medical condition and caused pain and further injuries. However, because the inquiry into causation must be individualized, Plaintiff must allege how each individual defendant's actions or omissions caused the deprivation of his constitutional rights. Pursuant to this order, Plaintiff will be given the opportunity to amend his complaint. If Plaintiff opts to amend, he must state what each individual did that led to the deprivation of his constitutional rights.

Further, Plaintiff names warden Clark and associate warden K. Allison as defendants. Plaintiff is advised that supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

### C. Claim for Injunctive Relief

Under the section titled "Relief" in Plaintiff's complaint, Plaintiff requests "that an injunction be placed on these herein named defendants and any other relief the court deems right." (Compl. 3.) Plaintiff does not specify what sort of injunction he is seeking. An injunction is an order from the court requiring a person or other entity to stop doing something. Therefore, when requesting an injunction, a party must specify what that 'something' is that the party is requesting the court to issue an injunction for. Plaintiff cannot seek a generic injunction. Plaintiff must specify what he would

4

like the court to enjoin (prevent) defendants from doing. Therefore, if Plaintiff chooses to file an amended complaint an seek an injunction, Plaintiff must specify what sort of injunction he is requesting.

### D. Proper Use of Exhibits

Plaintiff has attached a number of exhibits to his complaint. While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Thus, for example, if Plaintiff alleges in his complaint that "Defendant denied my inmate appeal", it will be accepted as true (but only at this stage in the litigation) and it is neither necessary nor helpful to attach a copy of the appeal denial as an exhibit for the purpose of supporting his allegation with evidence. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

In addition, Plaintiff may not attach exhibits to his complaint for the purpose of using them as evidence at later stages in litigation. This court will not serve as a storehouse for Plaintiff's evidence. Evidence should not be submitted to the court until this action reaches an appropriate stage in litigation for the submission of evidence, such as in response to a motion for summary judgment, at trial, or when specifically requested by the court.

### IV. Conclusion and Order

The court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

///

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level". Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.IT IS SO ORDERED.

**Dated:   March 17, 2009**          /s/  **William M. Wunderlich**
                                     UNITED STATES MAGISTRATE JUDGE