IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM VELASQUEZ,

        Plaintiff,        1: 08 CV 0434 OWW WMW PC

    vs.                     ORDER RE MOTION (DOC 8)

K. ALLISON, et al.,

        Defendants.

        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's motion for emergency injunctive relief.

        Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran, claims that correctional officials were deliberately indifferent to Plaintiff's safety. Specifically, Plaintiff alleges that Defendants forced him to perform certain movements, despite Plaintiff's medical condition.

        The motion for injunctive relief consists of a one page document submitted by another inmate on Plaintiff's behalf. The document sets forth further factual allegations, but does not seek any specific relief. On March 17, 2009, an order was entered, dismissing the operative pleading and granting Plaintiff leave to file an amended complaint.

1

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471,(1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). The court has dismissed plaintiff's amended complaint, with leave to amend, for failure to state any claims upon which relief may be granted. Thus, at this point in time, there is no case or controversy before the court, and the court has no jurisdiction to issue any preliminary injunctions.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for emergency injunctive relief is denied.

IT IS SO ORDERED.

**Dated:   March 20, 2009**          /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE